* SHEPHERD, J., did not sit.
The plaintiff brought this action to recover possession of land specified in the complaint. The defendant, W. A. Martin, was allowed to become party defendant as landlord, and instead of giving an undertaking with surety thereto, as required by the statute (The Code, sec. 237), he and the appellant (who was his wife), on 11 March, 1879, executed a mortgage of certain lands therein described to the plaintiff, as allowed by the statute (The Code, sec. 120), which was accepted and filed in the action. The condition thereof was to the effect that if the mortgagor should fail to pay the mortgagees "all such costs and damages" as they might recover in this action, then they might sell the land, etc.
Afterwards the plaintiffs obtained judgment for the possession of the land, as demanded by the complaint, and for the rents, profits and costs. Thereupon an execution against property was issued, which the sheriff returned nulla bona.
Thereafter the plaintiffs gave the mortgage notice of a motion in the action "for order of foreclosure of the mortgage deposited" — that mentioned above.
The appellant resisted the motion upon the grounds that the land, the subject of the mortgage, was her own separate property; that there were arrearages of taxes due for the same for the years 1872, 1873, 1874 and 1875, amounting to $175; that the sheriff sold nine acres to pay (283) the taxes, the 17th of December, 1887; that she thereafter paid such taxes, and after the lapse of twelve months, took the sheriff's deed for the land on 2 December, 1879; that on 1 December, 1879, the sheriff sold one hundred and one acres of land to pay other arrearages of taxes due for the same for the years 1876, 1877, 1878; that she paid such taxes and took the sheriff's other deed for the land, dated 5 March, 1881; that such tax deeds were registered; that she has had possession of the land ever since; that the plaintiffs recovered the rents for the whole of the land, including what she so purchased, and she demanded an account, and that she should not be charged with the rents thereof, etc.
It appeared that the appellant made the purchases of the land, as claimed by her pending this action, and afterwards applied to the court to be made a defendant, to enable her to set up her claim, which application was denied, and she did not appeal; that she brought a separate action to enjoin the execution of the judgment obtained by the plaintiffs for the possession of the lands, rents, etc., which action was decided adversely to her, and she did not appeal from the adverse judgment therein. The court gave the judgment, whereof the following is a copy:
"It is now, on motion, adjudged by the court that the plaintiffs have the right to judgment of foreclosure of the mortgage aforesaid, and that *Page 225 
unless W. A. Martin and Jane C. Martin shall pay, or cause to be paid, the sum secured by said mortgage, to wit, the sum of $200, into the office of the clerk of this court, as a credit on the plaintiffs' damages ($245), and the costs ($22) hereinbefore mentioned, within thirty days from this term of the court, then, and in that case, it is adjudged that the clerk of this court be and he is hereby appointed a commissioner, whose duty it shall be, after thirty days advertisement in some newspaper published in Rowan County of the time and place of sale, to proceed to sell at auction to the highest bidder, the lands conveyed in the (284) mortgage aforesaid, at the courthouse in Salisbury, for ready money, and report his sale to the next term of this court for confirmation and order of title; and the cause is retained for further orders and directions."
From this judgment Jane C. Martin, having excepted, appealed to this Court.
It was not contended that the mortgage mentioned was in any respect objectionable. It purported to be that of the appellant and her husband. They covenanted specially therein with the plaintiffs that they were seized of the land conveyed — that they had the right to convey the same — that it was free from incumbrance — and for the quiet enjoyment thereof. It seems that the land really belonged to the appellant, and at the time of the sale of part of it to pay the taxes it was hers, subject to the mortgage.
The arrearages of taxes were due, and ought to have been paid, before the mortgage was executed. The appellant was bound to pay them, whether they, or any part of them, constituted a valid incumbrance on the land or not. She allowed a part of it to be sold to pay them, and bought it herself — bought her own land. She undertook to take the sheriff's deed for it, and now insists that she has a title to it other than that that she incumbered by the mortgage.
Her supposed purchase at the sheriff's sale was absurd and void; it went for nought, and did not affect the rights of the mortgagees; she could not purchase the land from herself. Besides, it seems that she was estopped by the judgment adverse to her in the action she brought to obtain relief by injunction.
There is no error, and the judgment must be affirmed. To the (285) end that further proceedings may be had in the action, let this opinion be certified to the Superior Court.
No error. Affirmed. *Page 226