C. H. CLARK v. D. M. FAIRLY.

(Filed 10 April, 1918.)

**1. Costs—Mortgages—Statutes—Foreclosure.**

The clerk of the Superior Court may foreclose a mortgage on land given by plaintiff to secure costs of his action when the costs are awarded against him, or the clerk may report the matter to the court for a decree of sale by himself, the latter being the better practice to insure a safer title and prevent a needless sacrifice. Revisal, sec. 266.

**2. Same—Court's Supervision—Payment of Costs.**

Where a mortgage on land has been given by the plaintiff to secure the costs in his action, which are awarded against him, and the Superior Court, in term, acting through the presiding judge, has duly acquired jurisdiction to decree foreclosure, it is his duty to supervise the sale and see that the land brings a fair price; and when such sale has not been made accordingly, he may set aside the sale, and permit the plaintiff to pay the costs properly chargeable against him. Revisal, sec. 266.

**3. Costs—Mortgages—Foreclosure—Confirmation—Statutes.**

Where the Superior Court has assumed jurisdiction to decree foreclosure of a mortgage given by the plaintiff to secure the costs of his action, it is proper for the court to confirm the sale, and possibly it is necessary for him to do so. Revisal, sec. 266.

**4. Costs—Mortgages—Foreclosure—Decree Set Aside—Powers of Court.**

A decree of confirmation of the sale of lands to pay the costs of an action under a mortgage given to secure them, Revisal, sec. 266, may be set aside by the judge during the term of the Superior Court at which it was entered.

MOTION to set aside sale of land, heard by consent by *Bond, J.,* at November Term, 1917, of CUMBERLAND.

The court found the facts and rendered judgment setting aside the sale. Defendant appealed.

*Hinsdale and Shaw for plaintiff.*
*E. G. Davis and Murray Allen for defendant.*

BROWN, J. The substance of the judge's findings is that plaintiff executed a mortgage upon certain land to secure costs in lieu of prosecution bond in this action. Revisal, 266. The plaintiff was cast in the action and judgment rendered against him for costs. Upon application of the clerk at August Term, 1917, a decree of sale for foreclosure was entered by the court. The land was sold accordingly by the clerk and purchased for $400 by defendant. The sale was reported by the clerk and confirmed at October Term, 1917.

At same term of court a motion was made by plaintiff to set aside the order of confirmation upon the ground of gross inadequacy of price; at same time plaintiff offered to pay the judgment for costs in full and all costs and expenses of sale.

His Honor found that the sale was duly advertised in accordance with law, but that plaintiff had no actual knowledge of it and that the defendant in the action purchased the land at less than one-third of its actual value. The judge set aside the sale and entered judgment as set out in record.

It must be admitted that if the Superior Court in term, acting through the presiding judge, had jurisdiction to enter the decree of foreclosure of the mortgage given for costs, it had the power and it was its duty to supervise the sale and see that the land brought a fair price. The right to set aside, at same term when made, an order of confirmation or any other decree is unquestioned.

We are of opinion that where a mortgage or deed in trust is made to a clerk of the Superior Court to secure costs under Revisal, 266, conferring upon the clerk a power of sale in default of payment of costs when adjudged against the party giving the mortgage, the clerk can exercise the power or he may report the matter to the court for a decree of sale, as was done in this case.

The latter is undoubtedly the safest course and the better practice, as it insures a safer title and a better price and prevents a needless sacrifice, as would have been the case in this instance.

Where the court assumes jurisdiction and undertakes to foreclose by decree, confirmation is of course proper and possibly necessary.

Under such conditions, the parties are all before the court and it has jurisdiction over the *res,* the land. We see no reason why such mortgage should not be foreclosed by the clerk by judicial decree in the nature of foreclosure proceedings, and under the supervision and control of the court.

We have a precedent directly in point in *Ryan v. Martin,* 103 N. C., 282, where it is held that a mortgage given under section 120 of the Code (now 266, Revisal), in lieu of prosecution bond, may be foreclosed by the court upon motion upon notice, in the original action.

In order to understand and comprehend the syllabus to this case, and its bearing upon the case at bar, it is necessary to consult the original record.

The judgment of the Superior Court is

Affirmed.